COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


ISIAH EDWARDS, JR.

v.          Record No. 0115-95-1          MEMORANDUM OPINION[*]
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                    FEBRUARY 6, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      E. Everett Bagnell, Judge

            Timothy E. Miller, Public Defender (Office of the
            Public Defender, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on brief),
            for appellee.


        Isiah Edwards, Jr. (appellant) appeals from his bench trial

conviction by the Circuit Court of the City of Suffolk (trial

court) for possession of cocaine with intent to distribute.  The

sole issue presented by this appeal is whether the trial court

erred in denying appellant's motion to suppress the evidence of

the drugs found in appellant's possession.  Finding no error, we

affirm the judgment of the trial court.

        We view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom.  Commonwealth v. Grimstead, 12 Va. App.

1066, 1067, 407 S.E.2d 47, 48 (1991).  Our review includes

evidence adduced at both the suppression hearing and the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

trial.  Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).

Appellant contends that the cocaine was discovered in his possession as a result of an unreasonable search by a Suffolk police officer, in violation of the mandate of the Fourth Amendment of the United States Constitution.  We disagree.

The record discloses that a reliable informant told Suffolk Police Officer Marvin Loudenback (Loudenback) that on June 30, 1994, appellant was selling crack cocaine on a street corner one block from where the information was being given by the informant.  The street corner identified by the informant was known by police to be a "drug area."  The informant further told Loudenback that appellant kept his supply of cocaine in the front of his pants around the groin area and that he had observed appellant make a sale just fifteen minutes before.  Loudenback radioed Detective E. C. Harris (Harris) and relayed the information supplied by the informant.  Harris proceeded to the street corner where appellant was alleged to have been selling drugs.  Upon arriving, Harris found appellant sitting on a crate. Harris knew appellant, as two weeks earlier he had observed appellant involved in a drug transaction in which appellant was the supplier.

Harris was in full uniform when he approached appellant.  A second officer (Vidrine) arrived moments after Harris and stayed off to the side.  Coming within ten feet of appellant, Harris

advised appellant that the police "had information that [appellant] had cocaine down the front of his pants" and "just wanted [appellant] to give it to [Harris]." Appellant denied having any drugs and advised Harris that he could search him. Harris repeated that he knew appellant "had it down the front of his pants" and said "just give it to me." Appellant then asked, "Am I going to jail?" Harris responded, "Maybe not. Just give me the drugs." At that time, appellant reached down the front of his pants and produced a clear plastic bag that contained three pieces of suspected crack cocaine. Harris placed appellant under arrest. There is no evidence that Harris made any threat or used any force before appellant produced the crack cocaine.

Here, the initial encounter between appellant and the officers was clearly consensual. Appellant gave no indication that he desired not to have any contact with the police. In fact, almost immediately, he denied possessing any drugs and voluntarily gave permission to Harris to search him. That consent was followed by producing the drugs from the place where the informant had stated the cocaine would be found.

It is clear that the officers articulated evidence that was sufficient to show reasonable suspicion that criminal activity was afoot; that the investigation conducted was warranted; and that the record does not indicate that the ensuing encounter was unnecessarily intrusive or protracted. We hold that there was no Fourth Amendment violation in the encounter and that the search

was consensual.  See Wechsler v. Commonwealth, 20 Va. App. 162, 455 S.E.2d 744 (1995).

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.